IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50899
Summary Calendar
_____

PATRICIA CRAWFORD,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-96-CV-866
- - - - - - - - - -

September 24, 1998

Before DAVIS, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Patricia Crawford appeals the district court's judgment for the Commissioner in her action pursuant to 42 U.S.C. § 405(g) for review of the administrative law judge's (ALJ) decision denying her disability benefits. Crawford argues that the Appeals Council erred in failing to give reasons for disregarding favorable medical evidence from Dr. Dennis or in failing to refer the new medical evidence to the ALJ for consideration. Dr. Dennis' March 7, 1996, letter provided no additional evidence, but was merely a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restatement of his previous opinion.  The Appeals Council did not err in failing to give reasons for its decision that the evidence did not provide a basis for changing the hearing decision or in failing to remand to the ALJ.

Crawford argues next that the determination of the Commissioner is not supported by substantial evidence.  She does not make any particular argument but merely "incorporates all of the previous arguments and authorities" in her brief.  Crawford does not state specifically why she contends the decision is not supported by substantial evidence.  We do not address this issue because Crawford has failed to brief it adequately.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).[**]

AFFIRMED.

---

[**]  Crawford argues that the ALJ erred in failing to give greater weight to the opinions of Crawford's treating physicians without adequate explanation and in evaluating the opinions of nontreating sources.  She also argues that the ALJ erred in imposing an improper hypothetical question to the vocational expert.  Because Crawford did not present these claims to the appeals council, we have no jurisdiction to consider these arguments. Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994).